IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAUCON VALLEY MANOR, INC., NIMITA KAPOOR-ATIYEH, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 17-2568 |
| v. | : | |
| TERESA MILLER, JACQUELINE ROWE, MATT JONES, MICHELE MOSKALCZYK, AT HOME, INC. d/b/a AT HOME HEALTH SERVICE and AT HOME HEALTH AND HOSPICE, and PATRICK R. STONICH, | : | |
| Defendants. | : | |

## **ORDER**

**AND NOW**, this 6th day of June, 2019, after considering: (1) the motion for summary judgment filed by the defendants, At Home, Inc. and Patrick R. Stonich (collectively the "At Home Defendants"), (Doc. No. 89), including their brief in support (Doc. No. 89-2) and statement of undisputed material facts (Doc. No. 88); (2) the plaintiffs' response in opposition to the At Home Defendants' motion (Doc. Nos. 98, 109),[1] including their responses to the At Home Defendants' statement of undisputed material facts (Doc. Nos. 99, 106); (3) the At Home Defendants' reply in support of their motion (Doc. No. 112); (4) the motion for summary judgment filed by the defendants, Matt Jones, Teresa Miller, Michele Moskalczyk, Jacqueline Rowe, (collectively the "DHS Defendants") (Doc. No. 90), including their statement of undisputed material facts (Doc. No. 87) and its supporting exhibits (Doc. Nos. 87, 92, 93) and their memorandum of law (Doc. No. 90 at ECF pp. 3–26); (5) the plaintiffs' response in opposition to the DHS Defendants' motion for summary judgment (Doc. Nos. 96, 108), including their response to the DHS Defendants' statement of undisputed material facts (Doc.

Nos. 97, 107); (6) the DHS Defendants' reply in support of their motion (Doc. No. 111); (7) the plaintiffs' sur-reply in opposition to the DHS Defendants' motion (Doc. No. 116); and (8) the orders issued by the DHS Bureau of Hearings and Appeals (Doc. Nos. 95, 124);[2] accordingly, it is hereby **ORDERED** as follows:

1. The motion for summary judgment filed by the At Home Defendants (Doc. No. 89) is **GRANTED** and judgment is entered in favor of the At Home Defendants and against the plaintiffs on count IV of the complaint; and

2. The motion for summary judgment filed by the DHS Defendants (Doc. No. 90) is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. The motion for summary judgment is **GRANTED** as to the plaintiffs' claims under 42 U.S.C. § 1983 for deprivation of procedural due process based on denial of additional predeprivation procedures and bias only (count I), section 1983 claim for denial of equal protection (count II), and section 1983 civil conspiracy (count IV); and

   b. The motion for summary judgment is **DENIED** as to the plaintiffs' section 1983 claim for denial of postdeprivation procedures due to delay and for "stigma plus" and section 1983 claim for First Amendment retaliation (count III).

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[1] The parties filed numerous documents in this matter under seal. Where the parties filed both a publicly available, redacted document and a sealed, unredacted copy of the same document, the court references the publicly available copy first and then cites to the redacted document in the document number citation.

[2] The plaintiffs also filed a statement of additional facts precluding summary judgment (Doc. Nos. 100, 110) with supporting exhibits (Doc. Nos. 100, 104, 105). The DHS Defendants did not respond to the plaintiffs' statement of additional facts because the undersigned's policies do not permit the plaintiffs to file their own statement of facts; however, the At Home Defendants filed a response. Doc. No. 113. Because the plaintiffs were not permitted to file an additional statement of facts, and the DHS Defendants did not respond to it, the court reviewed the plaintiffs' additional facts for purposes of resolving the At Home Defendants' motion only.